CASE 112—EQUITY—OCTOBER 27, 1881.

# Brightwell v. The Commonwealth, &c.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. After the father of a bastard child has claimed the benefit of the insolvent debtor's oath, and an execution has been issued against him from the county court, and returned *nulla bona*, the circuit court has jurisdiction to enforce the collection of the judgment.

2. The remedy for enforcing the judgment of the county court is not found alone in the statute in regard to bastardy. The chancellor has the power beyond the statute to compel the payment of the judgment.

A. J. JAMES FOR APPELLANT.

1. The circuit court has no jurisdiction of the original demand of Tyree, the mother of the bastard children. (Smith v. Bohon, 12 Bush, 449; 10 *Ib.*, 251.)

2. Even if there had been a judgment of the circuit court, a second suit for the enforcement thereof could not be maintained without a *bona fide* return of "no property found."

3. If this suit can be maintained, there is no end of litigation.

4. Two things are necessary to give the circuit court jurisdiction: a *bona fide* return of *nulla bona* and a petition seeking discovery. (Civil Code, 439; Weathersford v. Myers, 2 Duv., 91; 12 Bush, 449; Helm v. Short, 7 Bush; Mitchell v. Hurd, 11 Bush.)

JNO. & J. W. RODMAN FOR APPELLEES.

1. The circuit court had jurisdiction to enforce the collection of the judgment rendered by the county court after a return of *nulla bona*. (Thompson v. Buchanan, 2 J. J. Mar., 417; Hamilton v. The Commonwealth, 3 Mon., 213; Craig v. Burnett, 9 Bush, 98; Jones v. Jeffries, 11 Bush, 636.)

2. This is not a penal action. (4 Mon., 511; 4 Met., 67; 1 B. Mon., 206; 3 Bush, 6.)

3. The tenant for life must give security. (Hill on Trustees, 390; 1 McMul. Eq., 459; 17 S. & R., 293; 5 Watts, 108; 7 *Ib.*, 19; 6 Iredell's Eq., 379.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, William Brightwell, by a proceeding under the statute in relation to bastardy, was adjudged to be the father of two infant children, and required to pay their

mother a certain annual sum for each child during a fixed period. The appellant, failing to pay the money or to execute a bond as required by the statute for its payment, was lodged in jail, and afterwards released from custody upon taking the insolvent debtor's oath.

Subsequent to this an execution issued on the judgment in favor of the mother, and was placed in the hands of the sheriff of Franklin county, and by him returned *no property found.*

In January, 1878, the mother, in her own right and for the use of her infant children, filed this petition in equity in the Franklin circuit court against William Brightwell and others, in which it is alleged that the appellant (Brightwell) had conveyed all of his property to his wife to avoid the payment of this debt; that the wife was dead, and her administrator had in his hands moneys that of right belonged to the appellant sufficient to pay the debt.

The conveyance sought to be set aside passed to the wife the title to certain land described in the petition that belonged to the husband.

The appellant denied the fraud, and pleaded the proceedings in the county court on the charge of bastardy in bar of appellees' action, claiming that the county court alone had jurisdiction to enforce the judgment. There was money enough in the hands of Mrs. Brightwell's administrator to pay the debt, and by virtue of the judgment the amount was paid over, and the judgment satisfied.

It seems to us the only question in the case is as to the jurisdiction of the circuit court. The insolvent debtor's oath, independent of the return of no property found on the execution issued from the county court, gave to the chancellor jurisdiction unless the remedy is exclusively with

the county court. If the remedy is confined to the execution on the judgment to be issued from the county court or a rule against the party in default, it would result that the appellee has no means of enforcing the judgment in this case, although the appellant is the owner of an estate ample to satisfy the demand. We do not understand that the remedy for enforcing such a judgment is to be found alone in the statute under which the proceeding was had.

Other remedies must necessarily attach when that afforded by the statute is incomplete, and not restricted by its express provisions.

The county court had no jurisdiction to pass upon the question of title to the land sought to be subjected, and with such a jurisdiction belonging alone to the chancellor, there is no reason why the appellee should not be permitted to invoke its exercise. Bonds executed by the father of the bastard child for its support have been enforced in the circuit courts of the state. The right to make the debt out of the estate of the appellant is not questioned, and as there is no remedy provided by the statute under which the proceedings were had so as to enable the creditor to reach the property covered up by the fraudulent act of the debtor, the remedy must be sought in that tribunal authorized to apply it where it has jurisdiction of the amount in controversy. (See Thompson v. Buchannan, 2 J. J. Marshall; Hamilton v. Commonwealth, 3 Monroe.)

During the progress of this case, the children of Brightwell were before the court, and claimed an interest in remainder in the moneys held by the administrator of their mother, alleging that the appellant was entitled to the use for life only.

The extent of the interest of the appellant in the property had been previously determined by this court in another proceeding, and the remaining question in the case is, did the chancellor err in requiring of the appellant bond with surety for the forthcoming of the principal sum at the termination of his life estate?

The record of the former proceedings with reference to this property shows the appellant to be a man of rather intemperate habits, and hostile to his children, whether with or without cause it is not necessary to inquire; and under the circumstances the chancellor acted properly in protecting the interest of those in remainder.

There is no error in the record prejudicial to the rights of appellant.

Judgment affirmed.